QUESTION: May a qualified physician, appearing as an expert witness in quasi-judicial proceedings before the Florida State Board of Medical Examiners in the performance of its regulatory power and duties, be paid an expert witness fee as set by the agency, its duly empowered presiding officer, or a hearing officer?
SUMMARY: Expert witness fees in amounts set by an agency, its duly empowered presiding officer, or a hearing officer in a quasi-judicial administrative proceeding under Ch. 120, F. S., may legally be paid under s. 120.58(1)(c), s. 90.231, F. S., and Rule 1.390, Florida Rules of Civil Procedure. Your question is answered in the affirmative. Chapter 120, F. S., is the newly revised Administrative Procedure Act of the State of Florida, created through Chs. 74-310 and 75-191, Laws of Florida, designed to embrace all administrative proceedings of the various state agencies, departments, and officers and, where specifically made applicable, counties and municipalities. Section 120.52. Section 120.58(1), F. S., provides in part: (c) Any public employee subpoenaed to appear at an agency proceeding shall be entitled to per diem and travel expenses at the same rate as that provided for state employees under s. 112.061 if travel away from such public employee's headquarters is required. All other witnesses appearing pursuant to a subpoena shall be paid such fees and mileage for their attendance as is provided in civil actions in circuit courts of this state. In the case of a public employee, such expenses shall be processed and paid in the manner provided for agency employee travel expense reimbursement, and in the case of a witness who is not a public employee, payment of such fees and expenses shall accompany the subpoena. (Emphasis supplied.) Said section applies to all proceedings which would include both formal and informal proceedings. Section 90.231(2), F. S., provides: Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs. (Emphasis supplied.) Apparently it is the language "or such amount as the trial judge may deem reasonable" around which the controversy centers. The language found in s. 120.58(1)(c), F. S., referring to payment of all other witnesses clearly authorizes payment of a fee which could be authorized in civil actions in circuit courts of this state. The language "as is provided" has reference to the manner in which the witness fee is set, not to a specific person setting the fee, be he circuit court judge or hearing examiner. The manner of setting the fee is the procedure whereby the fee is set. It would be illogical to presume that the Legislature enacted a comprehensive act, Ch. 120, F. S., designed in large part to totally supplant circuit court jurisdiction in all matters involving state administrative matters and then did not provide the basic necessary means of obtaining witnesses to testify on matters requiring expertise, in the same manner as such witnesses were provided for in circuit court proceedings. To construe the disputed language in s. 120.58(1)(c), F. S., in some other fashion would be to hold that at the time of setting expert witness fees, the hearing examiner would have to petition a circuit court for approval of such fee. The fundamental rule of statutory construction is to ascertain and give effect to the intention and purpose of the Legislature, and such intention is to be ascertained primarily from the language used in the statute, irrespective of the fact that the phraseology may be awkward, slovenly, or inarticulate, and the intention is to be taken or presumed according to what is consonate to reason and good discretion. 82 C.J.S. Statutes s. 322 et seq. Furthermore, a construction should not be adopted which would lead to an unjust, absurd, unreasonable, or mischievous result or one at variance with the policy of the legislation as a whole. 82 C.J.S. Statutes s. 322. The intention of the Legislature in s. 120.58(1)(c), F. S., was to provide for payment of all witness fees, expert included, in exactly the same manner as existed in circuit court. Section 120.58(1)(b), F. S., is also pertinent to your inquiry. Said section provides: (b) An agency or its duly empowered presiding officer or a hearing officer has the power to swear witnesses and take their testimony under oath, to issue subpoenas upon the written request of any party or upon its own motion, and to effect discovery on the written request of any party by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure. The Florida Rules of Civil Procedure contain numerous rules relating to discovery, among which is Rule 1.390 which deals with depositions of expert witnesses. The rule provides in part: (b) Procedure. The testimony of an expert or skilled witness may be taken at any time before the trial in accordance with the rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether he is within the distance prescribed by Rule 1.330(a)(3). No special form of notice need be given that the deposition will be used for trial. (c) Fee. An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine and it shall be taxed as costs. The power given the agency, presiding officer, or hearing officer to effect discovery at the written request of any party by any means available in court and in the manner provided by the Florida Rules of Civil Procedure would clearly include the power to set the expert witness fee. It would be inconsistent with logic and reason to presume that the hearing examiner could set the fee during discovery but could not set it at the hearing or when a subpoena was requested.